IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BILLY EVANS,<br><br>Defendant. | Case No. CR14-1007<br><br>ORDER FOR PRETRIAL DETENTION |

On the 18th day of March, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 5, 2014, Defendant Billy Evans was charged by Indictment (docket number 2) with possession of a firearm and ammunition by a felon. At the arraignment on March 14, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on May 12, 2014.

Officer Nicholas Schlosser of the Dubuque Police Department testified regarding the circumstances underlying the instant charge. On January 16, 2014, law enforcement received a 911 call regarding a subject with a gun at a local convenience store. The caller described the subject and the gun. When officers arrived at the scene, they found Defendant (who matched the description of the subject) and two associates. When an officer approached Defendant, however, he took off running. The first officer chased Defendant on foot until he jumped over a fence, where he was subsequently "corralled"

by other officers. Defendant was arrested for interference with official acts and it was discovered that Defendant had an outstanding warrant for his arrest in Wisconsin for probation revocation. No contraband was found on Defendant's person, but when officers retraced his path, they found a loaded gun near the fence which he had scaled.

Officers interviewed the 911 caller, and she reported going to the convenience store with her sister. Defendant and his associates approached the caller outside the store and asked if she wanted to buy a food card. She declined and entered the store. There were "words exchanged" inside the store and, according to the caller, Defendant pulled back his coat, thereby displaying a gun in his waistband. A security camera inside the store supports the caller's version of the events. The caller then left the store, with Defendant and his associates leaving a short time later. More words were apparently exchanged outside the store and the caller told law enforcement that Defendant pulled the weapon and waived it in her direction. According to Officer Schlosser, a traffic camera three blocks from the scene shows Defendant "charging out into the street" when the caller drove by, but it cannot be determined whether he was waiving a gun at that time.

According to the pretrial services report, Defendant is 23 years old. He has never been married and has no children. Defendant told the pretrial services officer that he has lived in Milwaukee, Wisconsin, all of his life. On the day of this incident, however, Defendant apparently arrived in Dubuque, Iowa, with an intention to reside with his mother and three siblings. Attempts by the pretrial services officer to contact Defendant's mother were unsuccessful. Defendant's fiancé told the pretrial services officer that he could return to Milwaukee and live with her if released.

Defendant is currently unemployed. According to Defendant, he was self-employed as a tattoo artist for one year, but reported no other employment history. He is in good health, although he was diagnosed with post-traumatic stress disorder in 2009. Defendant stated that he was prescribed several medications for the condition, but has not been taking

the medication. Defendant admits smoking marijuana on weekends, but told the pretrial services officer that he quit one year prior to his arrest.

In October 2007, at age 17, Defendant was charged with battery. He received a deferred prosecution, but while on probation was charged with driving a vehicle without the owner's consent. His deferred prosecution for battery was revoked and he was sentenced to serve 30 days in jail. He then received a deferred prosecution on the charge of driving a vehicle without the owner's consent. While on probation for that charge, Defendant was charged with armed robbery, in addition to other offenses. His deferred prosecution was revoked and he received 100 days in custody. He later received 183 days in jail for the armed robbery, to be followed by 5 years of probation.

According to the pretrial services report, Defendant performed poorly on probation. He absconded from probation several times, and most recently, since June 11, 2013. According to Officer Schlosser, there was a warrant outstanding for Defendant's arrest due to his probation violation in Wisconsin. Defendant also tested positive for marijuana while on probation and failed to report for substance abuse treatment. Furthermore, Defendant did not obtain permission to leave the state of Wisconsin.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves

an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm and ammunition by a felon. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

The evidence against Defendant is strong. A witness will testify that Defendant displayed a weapon in his waistband while in a convenience store. A security camera provides support for the witness's allegation. When officers arrived at the scene, Defendant took off running. Officers later retraced Defendant's path and found a loaded handgun near the fence which Defendant had scaled while attempting to flee.

Despite his young age, Defendant has two convictions for violent offenses. He does not have stable employment, nor does he have a stable residence. Defendant has committed additional crimes while on supervision and has violated the terms of his probation in other ways. Defendant has been on absconder status more than once, and a warrant is currently outstanding for his arrest in Wisconsin. Lastly, when Defendant was approached by officers on January 16, he attempted to flee. I believe Defendant is both a risk of flight and a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (March 14, 2014) to the filing of this Ruling (March 18, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 18th day of March, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA